UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHRISTOPHER KUEHNE,

                Plaintiff,            **ORDER**

- v -

                                     CV-09-1974 (RJD)(VVP)

LOCAL NO. 1 OF THE UNITED ASSOCIATION
OF JOURNEYMEN, ETC., et al.,

                Defendants.
------------------------------------------------------------------x

In accordance with the court's February 19, 2010 order, the defendants have submitted to the court the plaintiff's damages disclosures to enable the court to determine whether more information is required. Having reviewed the disclosures the court agrees with the defendants that the disclosures remain deficient as they provide no information as to how the amounts set forth as damages were calculated, or any of the documents upon which the computations were based. Rule 26 provides that a party must provide, without awaiting a request,

> a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

Fed. R. Civ. P. 26(a)(1)(A)(iv). The plaintiff's disclosures regarding damages provide a listing of each category of damages, but not a computation of the damages, which requires something more than merely the statement of a number without some explanation of the method by which the number was reached. *See, e.g., Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295-96 (2d Cir. 2006); *Yong F. Ke v. 85 Fourth Avenue Inc.*, No.

07 Civ. 6897, 2009 WL 1058627, at * 3 (S.D.N.Y. April 20, 2009); *Hewlett Packard Co. v. Factory Mut. Ins. Co.*, No. 04 Civ. 2791, 2006 WL 1788946, at *11 (S.D.N.Y. June 28, 2006) (Rule 26 "is intended to provide an opposing party with an early understanding of the basis and amount of any damages claim it is facing, so that it may conduct meaningful discovery as to the underpinnings of such a claim.").

Accordingly, the plaintiff shall, within ten days, supplement his damages disclosure by providing detailed explanations of how each category of damages was computed, along with copies (or if already produced, an identification) of the documents from which facts supporting the computations were derived. The court recognizes that the damages computations may ultimately be refined as experts are called upon to opine, and indeed the rule contemplates that ongoing disclosures of damages may well be required in a given case such as this one. *See* Fed. R. Civ. P 26, advisory committee note, 1993 amendments (damages disclosure obligation "imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34"). That does not, however, relieve a party of the obligation to provide reasonably specific computations, based on the information available, concerning the damages that the party will seek to prove.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         March 23, 2010