```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CHRISTOPHER KUEHNE,

                Plaintiff,

        - against –

LOCAL NO. 1 OF THE UNITED ASSOCIATION
OF JOURNEYMEN AND APPRENTICECS OF
THE PLUMBING AND PIPE FITTING INDUSTRY
OF THE UNITED STATES AND CANADA and
GEORGE REILLY,

                Defendants.
------------------------------------------------------------- x
```

**MEMORANDUM & ORDER**

09 CV 1974 (RJD)(VVP)

DEARIE, District Judge.

This case arises out of disciplinary action taken against plaintiff by his union, Local No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Local 1"), and its umbrella organization, the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("U.A."). Both plaintiff and defendants filed motions for partial summary judgment on plaintiff's third claim, which alleged a violation of plaintiff's rights under Section 411(a)(5) of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411, et seq. ("LMRDA" or "the Act"). On September 20, 2011, the Court referred the cross motions for partial summary judgment to Magistrate Judge Victor Pohorelsky for a Report and Recommendation ("R&R") under 28 U.S.C. § 636(b)(1)(B). ECF Docket # 79. By R&R dated February 15, 2012, Magistrate Judge Pohorelsky recommended that the parties' motions for partial summary judgment by granted in part and denied in part. ECF Docket # 82.

In particular, the R&R first recommends that plaintiff's motion for partial summary judgment against defendant Local No. 1 be granted insofar as, prior to disciplining plaintiff,

Local 1 failed to provide plaintiff with adequately specific written charges alleging that plaintiff improperly provided information to employers (hereinafter "collaboration charges"), in violation of 29 U.S.C. § 411(a)(5)(A).[1] R&R at 8-12, 26. Second, the R&R recommends that Local 1's motion for partial summary judgment be granted insofar as, prior to discipline, Local 1 *did* provide plaintiff with adequately specific written charges alleging improper invocation of the Fifth Amendment privilege (hereinafter "Fifth Amendment charges"). R&R at 12-13, 20-21, 26. Lastly, the R&R recommends that U.A.'s summary judgment motion be granted in its entirety. R&R at 21-26.

The Court has accepted and reviewed plaintiff's and Local 1's objections to the R&R, as well as U.A.'s response to plaintiff's objections and plaintiff's response to the other parties' objections, as part of its de novo review of the full body of materials submitted to the magistrate judge. For the reasons that follow, the Court adopts the R&R with a brief clarification.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(3) provides that, when resolving objections to the R&R of a magistrate judge, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and then either "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636. The phrase "de novo determination," however, "permit[s] whatever reliance a district judge, in the exercise of sound judicial discretion, ch[ooses] to place on a magistrate's proposed findings and recommendation," provided the district court remains the ultimate decision-maker. United States v. Raddatz, 447 U.S. 667, 676 (1980). The court has reviewed the entire record, all evidence submitted, and all

---

[1] 29 U.S.C. § 411(a)(5)(A) provides: "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been . . . served with written specific charges[.]"

parties' papers pre- and post-R&R, whether or not those portions of the record deal exclusively with the objections raised by the parties.

## II. DISCUSSION

The parties' familiarity with the facts and record are assumed.

A. Collaboration Charges

Based on its independent review of the record, the Court finds that the magistrate judge identified and applied the correct legal standard governing the right of union employees subject to disciplinary action to receive "written specific charges" of their alleged misconduct. 29 U.S.C. § 411(a)(5)(A). The magistrate judge appropriately concluded that even under the relatively minimal written notice requirements of the Act, "the charges against the plaintiff for providing information to employers in litigation or potential litigation with the union failed to satisfy Section 411(a)(5)." R&R at 9.

Local 1 objects to this recommendation, in part, by contending that 29 U.S.C. § 411 (a)(5)(A) "d[oes] not require the charging instrument to specifically name the employers with which Plaintiff improperly collaborated, or provide a more definite time period or location of the underlying offense conduct." ECF Docket # 86, Objection to R&R filed by Local 1 ("Local 1 Obj.") at 2. Local 1's statement of law, at least, is correct. The LMRDA does not define what is meant by "specific charges" and thus does not explicitly require that *any* particular information be included in the charges. Instead, the standard is meant to be flexible and "[t]he degree of specificity required . . . will vary from case to case." Berg v. Watson, 417 F. Supp. 806, 810 (S.D.N.Y. 1976). Accordingly, in finding Local 1's written charges inadequate, Magistrate Judge Pohorelsky relied *only in part* on the broad "two-year time period for the 'offense'" and vague notation of "'various other locations.'" R&R at 9. Instead, the R&R focused predominately on the charging party's failure to include a sufficiently detailed "factual statement of the incident[s]

3

. . . that form[ed] the basis for the [collaboration] charge[s]." Id. at 8. The charging party certainly knew which employers were involved, the litigation and potential litigations at issue, and highly detailed particulars of the form and content of the information plaintiff allegedly turned over to employers. As in Berg, "[i]t would have taken little effort for [the charging party] to include this information in plaintiff's notice or provide it thereafter, yet [he] declined to do so." Berg, 417 F. Supp. at 811. It is this deficiency, *as well as* the charge's imprecision with regard to time and place that is determinative.

Local 1 is wrong, as a matter of law, that "Plaintiff was required to . . . demonstrate that his defense was in any way prejudiced by the deficiencies" in the written charges, Local 1 Obj. at 8, although as the magistrate judge found and the record amply reveals, plaintiff most certainly did so demonstrate. R&R at 12 (citing Trial Board Transcript). As the magistrate judge correctly observed, the LMRDA and case law interpreting the Act are directly to the contrary: "Prejudice is assumed by the inadequacy of the charging document alone." R&R at 11.

Local 1's objection to this statement of law is premised upon a misreading of the LMRDA. Section 411(a)(5) of the Act provides that no union member may be disciplined "unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5). This Section is framed in the disjunctive and thus a finding that *either* of subsections (A), (B), *or* (C) has been violated is sufficient for relief under the LMRDA.[2] See, e.g., Mandaglio v. United Bhd. of Carpenters & Joiners of Am. (Gen. Exec. Bd.), 575 F. Supp. 646, 649 (E.D.N.Y 1983) (holding that for LMRDA violation, plaintiffs "have to show that they were not served with

---

[2] It was thus unnecessary for the magistrate judge even to reach the issue of whether plaintiff received a "full and fair hearing" with regard to the collaboration charge under Section 411(a)(5)(C).

written specific charges *or* that they were not given a reasonable opportunity to prepare their defenses, *or* that they were deprived of a full and fair hearing upon the charges which led to their expulsion.") (emphasis added).

Contrary to Local 1's assertion, Int'l Bhd. of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers, AFL-CIO v. Hardeman, 401 U.S. 233 (1971) is fully consistent with this reading of the LMRDA. In Hardeman, the Supreme Court's principal focus was on whether the LMRDA "authorize[s] courts to determine the scope of offenses for which a union may discipline its members." Id. at 244. In explanatory dicta defining the contours of its decision, the Court made the unremarkable observation that where "the union's charges make reference to specific provisions, [Section 411(a)(5)(A)] obviously *empowers* the federal courts to examine those provisions and determine whether the union member has been misled or otherwise prejudiced in the presentation of his defense." Id. at 245 (emphasis added). Local 1 seizes upon, decontextualizes, and then reframes this dicta to suggest that Hardeman "require[s] . . . an affirmative showing of actual 'prejudice[] in the presentation of [a] defense.'" Local 1 Obj. at 7 (quoting Hardeman, at 245) (modifications in original). Local 1's reading of Hardeman is erroneous. The word "empowers" is plainly discretionary, not mandatory. Even if the passage were so framed, the Court's language is broad enough to embrace both *presumed* prejudice at a later hearing based upon insufficient written notice, as well as *actual* prejudice ultimately shown at the hearing itself. Neither Hardeman nor the LMRDA itself requires plaintiff to prove actual prejudice in the presentation of a defense at the outset.

The Court, therefore, adopts the magistrate judge's recommendation and grants plaintiff's motion for partial summary judgment with regard to the collaboration charges under 29 U.S.C. § 411(a)(5)(A).

B. Fifth Amendment Charge

With respect to the Fifth Amendment charge, Local 1 correctly "submits that the magistrate judge erred in unnecessarily limiting the reach of his summary judgment recommendations in favor of [Local 1] to the specificity requirement embodied [in Section 411(a)(5)(A)] because the relevant factual and legal findings made by the magistrate judge in denying Plaintiff's cross motion show that summary judgment should be entered on the entirety of the Fifth Amendment Charge." Local 1 Obj. at 9. Indeed, although in his R&R, the magistrate judge accurately states the standards governing §§ 411(a)(5)(B) and (C) and correctly determines that as to the Fifth Amendment charge, Local 1 did not violate plaintiff's rights under those provisions, see R&R at 13-16, 20-21, the magistrate judge "narrowly granted summary judgment to [Local 1] on only . . . the written specific charges requirement in [§ 411(a)(5)(A)]." Local 1 Obj. at 10; see R&R at 26. Because the Court's independent review of the record and applicable law confirms that all three subsections of § 411(a)(5) were satisfied with regard to the Fifth Amendment charge—despite the magistrate judge's ultimately narrow final recommendation, R&R at 26—Local 1's motion for summary judgment is granted on the Fifth Amendment charge in its entirety.

Plaintiff does not object to the magistrate judge's recommendation that "[t]he charge related to the plaintiff's invocation of the Fifth Amendment . . . was sufficiently specific" under 29 U.S.C. § 411(a)(5)(A). R&R at 12; see ECF Docket # 87, Objection to R&R filed by plaintiff ("Pl. Obj.") at 7-13. Plaintiff, in fact, concedes that "Mr. Reilly's charge with respect to the 5th Amendment was relatively simple and . . . based on undisputed facts." Pl. Obj. at 7. Nor does plaintiff contest that, given the sufficiently detailed Fifth Amendment charge, "the more than

thirty days that the plaintiff was given to prepare for the hearing [was] . . . more than sufficient to satisfy due process" under § 411(a)(5)(B). R&R at 13; see Pl. Obj. at 7-13.

Rather, plaintiff objects solely to the magistrate judge's findings that he received a "full and fair hearing" under § 411(a)(5)(C) because, he contends, the magistrate judge "grossly reinterpreted the scope . . . of the union's governing documents, including within their ambit the authority to charge a member for the mere act of invoking the 5th Amendment." Pl. Obj. at 9. This objection requires no lengthy discussion for, as the magistrate judge correctly stated in his R&R, federal courts "must 'defer to the Union's interpretation of its governing documents unless that interpretation is patently unreasonable.'" R&R at 20 (quoting Sim v. New York Mailers' Union No. 6, 166 F.3d 465, 470 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, plaintiff asks the court to do exactly what the Supreme Court explicitly found the LMRDA to forbid: "[S]ubstitut[e] . . . judicial for union authority to interpret the union's regulations in order to determine the scope of offenses warranting discipline of union members." Hardeman, 401 U.S. at 243.

Plaintiff makes much of the fact that it was only the "rather elaborate provisions of" Local 1's Ethical Practice Code ("EPC"), in conjunction with the union's agreement to allow an Independent Private Sector Inspector General ("IPSIG") to "stymie the efforts of organized crime to use and control the union," which prohibited plaintiff's conduct, *not* the union's constitution or by-laws. Pl. Obj. at 9. This argument misses the mark. First, as the Supreme Court has held that "a union may discipline its members for offenses *not proscribed by written rules at all*," let alone for rules which merely happen to be found outside the four-corners of the union's constitution or by-laws. Hardeman, 401 U.S. at 244 (emphasis added). Second, the provision of the union constitution, under which plaintiff was charged, prohibits a union member from

7

"perform[ing] *any* act in *any way* prejudicial to the best interest of the [union]," irrespective of whether that act was explicitly prohibited by the union constitution or by-laws. See Constitution of the United Association § 153 (emphasis added). The Court, therefore, agrees that it was not unreasonable, "patently" or not, "for the union to have found that the plaintiff's invocation of his Fifth Amendment rights in response to a subpoena issued by the [New York State Organized Crime Task Force ("OCTF")] violated his duty to act in the best interests of the union."[3] R&R at 21.

For the foregoing reasons, the Court adopts the magistrate judge's R&R subject to the clarification that summary judgment is also granted as to Subsections (B) and (C) of 29 U.S.C. § 411(a)(5).

### C. Liability of the United Association

Based on the Court's independent review of the record and legal sources, I find that the magistrate judge identified and applied the correct legal standard in recommending that UA's motion for summary judgment be granted. Therefore, I adopt this portion of the R&R without qualification.

---

[3] Plaintiff's argument that this recommendation, and the Court's adoption of this recommendation, "would lead to absurd results" as it would give Local 1 the authority to subject members to discipline for "a member's mere invocation of the 5th Amendment in *any* proceeding," is baseless. Pl. Obj. at 12 (emphasis in original). Local 1's rule, and this Court's deference to the union's rule, is explicitly limited to the refusal to respond to an OCTF subpoena, not the invocation of the Fifth Amendment under any circumstance.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment is granted with regard to the collaboration charges under 29 U.S.C. § 411(a)(5)(A); Local 1's motion for partial summary judgment is granted with regard to the Fifth Amendment charge under 29 U.S.C. §§ 411(a)(5)(A)-(C); and U.A.'s motion for partial summary judgment is granted in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      August 8, 2012

                                          s/ Judge Raymond J. Dearie
                                          _____
                                          RAYMOND J. DEARIE
                                          United States District Judge